IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAMALON ROLLINS, SHEMEDREA )
JOHNSON, RENODA THOMAS, and )
TAMARA WARD, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　)
v. )　　　Civil Action No.  2:09CV636-WHA
　　　　　　　　　　　　　　　　　　)
ALABAMA COMMUNITY COLLEGE )　　　　　　　　(wo)
SYSTEM; et al., )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

MEMORANDUM OPINION AND ORDER

This cause is before the court on the Defendants' Motion to Strike Plaintiffs' Evidentiary Materials Submitted in Opposition to Defendants' Motion for Summary Judgment (Doc. #178), a Motion for Leave to Withdraw a Portion of the Motion to Strike (Doc. #181), and a Motion for Leave to Withdraw Motion to Strike Depositions (Doc. #184).

The Defendants have moved to strike the Plaintiffs' affidavits in their entirety, or alternatively, have asked that Plaintiffs be required to reform and resubmit their affidavits. The Defendants have withdrawn their request that the court strike certain depositions taken outside of this litigation.

A.  Legal Conclusions, Speculation, and Conclusory Allegations

The Defendants have identified several categories of statements within the affidavits which they contend are objectionable. To the extent that the Defendants have sought to strike conclusory allegations, speculation, or statements which assert legal conclusions, the court will

not consider such statements, so that the motion is due to be denied moot as to those statements.

B.  Hearsay

The Defendants contend that there are hearsay statements in the affidavits, pointing to two statements in Rollins' affidavit and four statements in Johnson's affidavit.  One statement in Rollins' affidavit is that then-Dean of Students Samuel Munnerlyn told her she should just sue like everyone else, and the other is that some men have been allowed to be in their profession without the requirement of advanced degrees.  The Plaintiffs have argued generally that statements identified in the affidavit are reducible to admissible form.  As to the statement regarding advanced degrees, the Plaintiffs state that Rollins has personal knowledge of the information about employees' degrees as Human Resources Director.

Several of the statements identified as hearsay in Johnson's affidavit are from Debra Griggs.  For instance, Johnson states that Dean Griggs said that "the President is not planning to be truthful telling you and Pam he is moving you two to salary schedule."  Another was Griggs' statement to Johnson that men were being paid better than women.  The Plaintiffs state that the statements can be reduced to admissible form and qualify as admissions.

Another objection is to Johnson's statement that Charles Harris said that Holmes' performance was not up to par and was informed by President Molina that his contract would not be renewed.  Johnson states that later Molina indicated that he did not want to fire a young, educated black man just starting out in his career, and Holmes was moved.  The Plaintiffs state that all of the persons identified other than Molina will testify at trial, and that Molina's statements are admissions on the part of Trenholm.

It is difficult to evaluate these hearsay objections independent of the context in which the

statements are offered in opposing summary judgment.  Therefore, the court will deny the Motion to Strike as to these statements at this time, but will determine whether to consider the evidence in the context of deciding the motions for summary judgment.

### C. Information Not Disclosed

The Defendants have moved to strike certain allegations in Plaintiffs' Response to Motions for Summary Judgment, on the ground of not having been disclosed before the end of discovery.[1]  According to the Defendants, three affidavits contain new allegations of disparate treatment, retaliatory acts, and comparators.   The court will address each of them in turn.

### 1. Retaliation

The Defendants have moved to strike new claims of retaliation not identified in the Plaintiffs' complaints, deposition testimony, or otherwise in discovery.  Some of these claims the Plaintiffs have conceded were asserted for the first time in the response to summary judgment motions.  The court turns first to the claims which Plaintiffs contend are not new claims, and then will turn to the claims which the Plaintiffs concede are new.

The Defendants have identified 14 claims in Rollins' affidavit and 3 claims in Thomas' affidavit, which they state are new retaliation claims.  The Plaintiffs respond that the claims identified were in fact discussed in depositions, contrary to what the Defendants have stated.  The Plaintiffs have referred the court to the portion of the deposition which relates to each of the claims identified.  These claims having been disclosed, the Motion to Strike is, therefore, due to be DENIED as to those aspects of the affidavits.

---

[1] The motion to withdraw is relevant to one of these statements.  The Defendants withdraw their objection to Rollins' statement that President Munnerlyn allowed males to speak derogatorily to other females.

A different issue is presented by the claims in Rollins' affidavit and Thomas' affidavit which the Plaintiffs concede are new claims, made after the close of discovery.  The Plaintiffs have consistently asserted retaliation claims in this case in their amended complaints and have specifically identified alleged retaliatory acts, although alleging in general retaliation "not limited to" those specified acts.  *See. e.g.*, Doc. #63, p. 14.  The Plaintiffs argue that the retaliation in this case is ongoing, and that acts of retaliation occurred either in August or October 2010, after the depositions of the Plaintiffs were taken in August 2010.   The Plaintiffs contend, therefore, that they could not have mentioned those acts of retaliation in their depositions, and were under no duty to supplement, although the Defendants could have imposed such a duty through interrogatories or a request in the depositions.  The discovery deadline in this case was April 22, 2011.  *See* Doc. #116.

Although the court certainly agrees with the proposition that a defendant cannot be shielded from liability for retaliation merely by the fortuity of the timing of a plaintiff's deposition, the Plaintiffs' approach of adding those claims in affidavits in response to a motion for summary judgment has not been allowed in other circuits.  *See, e.g., Martinez v. Potter*, 347 F.3d 1208, 1211-12 (10th Cir. 2003) (discussing other circuits rejecting attempts to assert new claims in a summary judgment response).  The Eleventh Circuit has expressly held that a plaintiff may not amend the complaint through argument in a brief opposing summary judgment. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314-15 (11th Cir. 2004).  While there does not appear to be a published Eleventh Circuit opinion extending this principle to retaliation claims based on conduct which occurred post-plaintiff's deposition, there is an unpublished opinion which applies the principle to post-complaint retaliation.  In *Mahoub v. Miami Dade*

*Community College*, No. 05-11520, 2006 WL 952278 (11th Cir. April 13, 2006), the court stated that it doubted a claim based on a June 2004 raise denial was properly before it, having arisen months after the December 2003 complaint in the case. *Id.* at *2. The court noted that other retaliation claims had been asserted in the complaint, but that the plaintiff did not seek to amend the complaint to add the later retaliation claim. *Id.*

Furthermore, while the retaliation is alleged to be ongoing in this case, each alleged retaliatory act is a discrete act which forms the basis of a separate claim. *See Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 970 (11th Cir. 2008). Because other circuits have followed the rule, and the Eleventh Circuit has indicated, that discrete claims must be added through amendment to the Complaint, this court will not consider the retaliation claims which have been asserted for the first time in briefs in response to the Motion for Summary Judgment, after the close of discovery and after the summary judgment deadline.[2] The court will, however, not strike the factual basis of those claims from the Plaintiffs' affidavits, nor is the court ruling on the admissibility of those facts at trial at this time, to the extent that the facts may be relevant to other, properly pled claims.

2. Comparators

The Defendants also move to strike what they have identified as new comparators for previously-asserted claims of disparate treatment. The Defendants contend that Thomas, Rollins, and Johnson have identified multiple new male comparators who allegedly were treated

---

[2] The Defendants having objected to the addition of the new claims, this is not a case in which the court can treat issues not raised in the pleadings as if they were properly raised because of consent of the parties. *See Steger v. General Elec. Co.*, 318 F.3d 1066, 1077 & n. 11 (11th Cir.2003).

more favorably than the Plaintiffs were.   The Defendants state that these comparators were not identified in the complaints or in discovery.   For example, the Defendants point to Rollins' claim that she was required to obtain an advanced degree.  The Defendants state that in her EEOC charge and deposition, Rollins referred generally to women being required to obtain advanced degrees, without identifying male comparators, but that in her affidavit, she identifies six male comparators.

The Plaintiffs respond that the Defendants never asked the Plaintiffs to identify all comparators or specify all instances of disparate treatment or retaliation, and never used the 25 interrogatories the Defendants were allowed.   The Plaintiffs say that all of the comparators were either identified in initial disclosures, depositions, or in discovery provided by the Defendants. For example, in the Motion for Summary Judgment as to Rollins' claims, the Defendants referred to Harris, and Monroe, as comparators, but now object to Rollins' reliance on Harris and Monroe as comparators.   While Rollins' reference to those comparators was made in the context of other claims, courts have found such disclosure sufficient.  *See Wilson v. Washington Metropolitan Area Transit Auth.*, 631 F. Supp. 2d 58, 67 (D.D.C. 2009).   This is not a case in which the Plaintiffs were asked, and failed, to provide a list of comparators, and then later relied on other comparators.  *See Woods v. Austal, U.S.A.,LLC*, No. Civ. A. 09-699-WS-N, 2011 WL 1380054 (S.D. Ala. Apr. 11, 2011).

In addition to the comparators who were discussed in the depositions, one of the comparators, Syed Raza, was not referenced in the Plaintiffs' depositions, but was contained in discovery.  The Plaintiffs contend that Syed Raza's personnel file was disclosed to them in discovery, which is how the Plaintiffs learned of the disparate treatment of Raza, and that the

files were turned over the week of the discovery deadline. Because the information challenged was provided by the Defendants in discovery and not merely introduced through the affidavits, the court cannot conclude that the references to Syed Raza affidavits are due to be stricken.

The court concludes, therefore, that the Motion to Strike is due to be DENIED as to comparators identified as being new comparators.

### 3. Disparate Treatment

In response to the contention that four different parts of Rollins' affidavit, eight different parts of Thomas' affidavit, and four parts of Johnson's affidavit assert new disparate treatment claims after the discovery deadline, the Plaintiffs point to portions of Rollins', Thomas', and Johnson's depositions in which they discuss those claims, respectively. The court concludes, therefore, that these aspects of the affidavit are not due to be stricken.

There are two additional items identified which merit further comment, however. Although the Defendants have listed eight objectionable statements in Rollins' affidavit, the Plaintiffs appear to have responded only to seven, failing to respond to the Motion to Strike Thomas' statement that Joe Merriwether and Dwayne Neese were on the E salary schedule allowing males to supervise and be paid more than females. The court gave the Plaintiffs a deadline by which to show cause why the Motion to Strike should not be granted as to specific evidentiary objections. The Plaintiffs having failed to respond to that specific objection, that portion of Thomas' affidavit, therefore, is due to be stricken. See Doc. #32, Sec. 6 ("The failure to file a response to any motion–either dispositive or non-dispositive–within the time allowed by the Court shall indicate that there is no opposition to the motion").

The second item that requires further discussion consists of claims based on information

from the personnel file of Syed Raza. The Plaintiffs do not contend that Syed Raza was discussed in their depositions, but instead that Syed Raza's personnel file was disclosed to them by the Defendants in discovery, which is how the Plaintiffs learned of the disparate treatment of Raza, and that the files were turned over right before the discovery deadline. Based on the fact that the information was provided in discovery and not merely introduced through affidavits, the court cannot conclude that references to Syed Raza in affidavits are due to be stricken.

### D. Sham Affidavits

The Defendants also seek to strike portions of Rollins' and Thomas' affidavits as being in conflict with their respective depositions and, therefore, due to be stricken as a "sham" affidavits.

In this circuit, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Assoc., Inc. v, U.S. Indust. Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Therefore, before disregarding an affidavit, a court must find some inherent inconsistency between the affidavit and deposition. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525 (11th Cir. 1987). It is the inherent inconsistency which renders the subsequent affidavit a "sham." *See Van T. Junkins*, 736 F.2d at 657.

With respect to Rollins, the Defendants state that in her deposition Rollins testified that she did not complain about the conditional offer of employment as the Administrative Services Manager, while in her affidavit she says that had a conversation with Munnerlyn about the

requirement and that he recommended that she file a lawsuit.

The Plaintiffs point out that the actual question asked of Rollins in the deposition was whether she objected at the time of her hire. *See* P. Ex. #50 at p. 14:6-15:4. The Plaintiffs explain that the meeting with Munnerly which Rollins referred to occurred after her hire. The president at the time of her hire was Molina. The court cannot conclude that this testimony is so in conflict as to meet the sham affidavit standard.

The Defendants also say that Rollins made contradictory statements about the impact of placement of locks on the supply cabinet and access to school letterhead. In her affidavit she stated that Munnerlyn promised that she would be given a key, but she was not, and that she was denied access to the letterhead. In her deposition, she stated that she turned down the offer to be provided a key, and that when asked, she responded to President Munnerlyn and Dean Griggs not worry to about the letterhead.

The Plaintiffs respond that the testimony is not contradictory. They state that the key was never provided even though promised and that growing tired of a situation and telling someone not to worry about it does not contradict that the situation occurred. The court agrees that while the deposition may ultimately be relevant in the evaluation of the probative value of the evidence, it is not so contradicted by the affidavit so as to render the affidavit a sham.

As to Thomas, the Defendants point out that in her affidavit Thomas states that she turned down the Operations Accountant position because the job paid less than what she knew she could make in her current position through overtime hours. The Defendants state that this is in conflict with her testimony under questioning in her deposition that if the Operations Accountant position remained on the E salary schedule, she knew she would be able to earn

overtime pay in the position.  The Defendants state that the true reason that she did not take the position is that she would have had to have taken on more duties.

The Plaintiffs respond that although the base salary was higher, and Thomas would have been eligible for overtime work in both, overtime in the new position was an unknown variable, so that the mere availability of overtime does not undermine her statement that she turned down the position because of the pay.  The Plaintiffs also state that the fact that there is more work does not contradict her statements about why she turned down the position.  The court agrees with the Plaintiffs that at most a question of credibility may be posed, but Thomas' affidavit is not due to be stricken as sham.

The court declines to order the Plaintiffs to reform and resubmit their affidavits as requested by the Defendants.  The portions of the affidavits which are not properly considered will not be considered by the court in ruling on the Motions for Summary Judgment, and the Plaintiffs will not proceed on any of the retaliation claims based on identified events in August and October of 2010, as discussed.

Accordingly, it is hereby ORDERED as follows:

1.  The Motion for Leave to Withdraw a Portion of the Motion to Strike (Doc. #181) is GRANTED.

2.  The motion for Leave to Withdraw Motion to Strike Depositions (Doc. #184) is GRANTED.

3.  The Defendants' Motion to Strike Plaintiffs' Evidentiary Materials Submitted in Opposition to Defendants' Motion for Summary Judgment (Doc. #178) is GRANTED as to Thomas' statement that Joe Merriwether and Dwayne Neese were on the E salary schedule

allowing males to supervise and be paid more than females, and is GRANTED to the extent that Rollins and Thomas may not assert retaliation claims based on identified events occurring after their depositions in August and October 2010.

     4.  The Motion to Strike (Doc. #178) is DENIED or DENIED as moot as discussed in all other respects.


Done this 18th day of May, 2011.


                                         /s/ W. Harold Albritton
                                         W. HAROLD ALBRITTON
                                         SENIOR UNITED STATES DISTRICT JUDGE