IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAMALON ROLLINS, SHEMEDREA JOHNSON, RENODA THOMAS, and TAMARA WARD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:09CV636-WHA |
| ALABAMA COMMUNITY COLLEGE SYSTEM; et al., | ) ) ) ) | (wo) |
| Defendants. | ) | |

ORDER

This case is before the court on a Motion for Partial Summary Judgment (Doc.# 134), filed by the Defendants on February 24, 2011.

Pamalon Rollins, Shemedrea Johnson, and Renoda Thomas originally filed a Complaint in the Circuit Court for Montgomery County, against Alabama Community College System; H. Councill Trenholm State Technical College; Samuel Munnerlyn; Bradley Byrne, individually and in his official capacity; Alabama Department of Post-Secondary Education; State Board of Education; Governor Bob Riley, in his official capacity; Randy McKinney, in his official capacity; Betty Peters, in her official capacity; Stephanie W. Bell, in her official capacity; Dr. Ethel H. Hall, in her official capacity; Ella B. Bell, in her official capacity; David F. Byers, Jr., in his official capacity; Gary Warren, in his official capacity; and Dr. Mary Jane Caylor, in her official capacity.

The Plaintiffs subsequently amended their Complaint on several occasions.  The Fourth

Amended Complaint brings claims on behalf of the original Plaintiffs, but also adds Tamara Ward as a plaintiff.  Freida Hill, in her official capacity as Chancellor of the Alabama Department of Postsecondary Education was also substituted for Defendant Bradley Byrne in his official capacity, and Byrne remains a defendant only in his individual capacity.

The claims subject to the Motion for Partial Summary Judgment are the claims in the Fourth Amended Complaint for violation of equal protection, pursuant to 42 U.S.C. § 1983 (Count VI) and claims for violation of state policy and state statutes (Count XV).

For the most part, it appears to the court that the Motion for Partial Summary Judgment will have to be determined in conjunction with the Defendants' separately-filed motions as to the merits of each of the Plaintiffs' claims, because the Plaintiffs rely on fact-intensive exceptions to immunities invoked by the Defendants.

With respect to the § 1983 damages claims in Count VI of the Fourth Amended Complaint, however, the Motion for Partial Summary Judgment can be resolved independently of the other pending motions for summary judgment.  The Defendants have moved for summary judgment as to § 1983 claims for damages brought against entities and the individual Defendants in their official capacities on the ground that the Eleventh Amendment bars such relief.  *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Carr v. City of Florence, Ala.*, 916 F2d 1521, 1524 (11th Cir. 1990).   The Plaintiffs agree that summary judgment is due to be GRANTED to the individual Defendants in their official capacities on claims for monetary damages under § 1983.  The Defendants do not take issue with the Plaintiffs' position that they can proceed against individual defendants on claims for prospective injunctive and declaratory relief.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996) (The Eleventh Amendment is not a bar when a state official is sued for prospective injunctive relief to " end a continuing violation of

federal law."). Therefore, summary judgment is due to be GRANTED as to the § 1983 claims for damages against individual Defendants in their official capacities and state agency Defendants.

Additionally, although former Governor Bob Riley continues to be named in his official capacity as a Defendant in this case, pursuant to Rule 25 of the Federal Rules of Civil Procedure, Governor Bentley is due to be substituted, and former Governor Riley will no longer be a Defendant in this case.

Accordingly, it is hereby ORDERED that the Motion for Partial Summary Judgment (Doc. #134) is GRANTED as follows:

1. Former Governor Bob Riley in his official capacity is DISMISSED as a Defendant, and Governor Robert Bentley in his official capacity is substituted as a Defendant in this case.

2. Summary judgment is entered in favor of Samuel Munnerlyn in his official capacity, Trenholm State Technical College, Alabama Department of Postsecondary Education, Alabama Community College System, the State Board of Education, Governor Robert Bentley in his official capacity, Freida Hill in her official capacity, Randy McKinney in his official capacity, Betty Peters in her official capacity, Stephanie Bell in her official capacity, Dr. Ethel H. Hall in her official capacity, Ella B. Bell in her official capacity, David F. Byers, Jr. In his official capacity, Gary Warden in his official capacity, and Dr. Mary Jane Caylor in her official capacity, and against the Plaintiffs on the claims in Count VI for money damages.

3. The other grounds for summary judgment asserted in the Motion for Partial Summary Judgment (Doc. #134), will be addressed in connection with the other pending motions for summary judgment.

Done this 1st day of June, 2011.

                                           /s/ W. Harold Albritton
                                         W. HAROLD ALBRITTON
                                         SENIOR UNITED STATES DISTRICT JUDGE