IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAMALON ROLLINS, SHEMEDREA JOHNSON, RENODA THOMAS, and TAMARA WARD, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ALABAMA COMMUNITY COLLEGE SYSTEM; et al., | ) ) ) ) |
| Defendants. | ) |

Civil Action No. 2:09cv636-WHA
(wo)

**ORDER**

For the reasons discussed in the Memorandum Opinion entered in this case on this day, the court has determined that summary judgment is due to be GRANTED as to all of the federal claims brought by Plaintiff Rollins, and that Plaintiffs Thomas, Johnson, and Ward may proceed on some federal claims against all Defendants, with the caveat that the court has reserved ruling on the Motion for Partial Summary Judgment on the basis of qualified immunity as to some Equal Protection claims brought by these three Plaintiffs against Defendant Bradley Byrne individually. The court has also concluded that the state law claims of all of the Plaintiffs are more appropriately decided by the state court.

Accordingly, it is hereby ORDERED as follows:

1. The Motion for Summary Judgment (Doc. #117), filed as to the claims by Renoda Thomas, is DENIED as to Thomas's Title VII and Equal Protection claims for failure to promote her to the Operations Accountant position ultimately filled by Billy Merrill and GRANTED and

judgment is entered in favor of the Defendants and against Renoda Thomas on all remaining federal claims.

    2. The Motion for Summary Judgment (Doc. #124), filed as to the claims by Shemedrea Johnson, is DENIED as to Johnson's Title VII and Equal Protection claims for failure to promote based on a 2008 reorganization request, and is GRANTED and judgment is entered in favor of the Defendants and against Shemedrea Johnson on all remaining federal claims.

    3. The Motion for Summary Judgment (Doc. #130), filed as to claims by Tamara Ward, is DENIED as to Ward's Title VII, Equal Protection, and Equal Pay Act claims based on placement on the D Salary Schedule and is GRANTED and judgment is entered in favor of the Defendants and against Tamara Ward on all remaining federal claims.

    4. The Motions for Summary Judgment (Doc. ##134, 137), filed as to claims by Pamelon Rollins are GRANTED and judgment is entered in favor of the Defendants and against Pamelon Rollins on all federal claims.

    5. With respect to the Motion for Partial Summary Judgment (Doc. #134), it is further ORDERED as follows:

    a. The Motion (Doc. #134) is DENIED as to Thomas's Equal Protection failure to promote claim, Johnson's Equal Protection claim for failure to promote based on a 2008 reorganization request, and Ward's Equal Protection claim based on placement on the D Salary Schedule as against Defendant Samuel Munnerlyn individually.

    b. Ruling is reserved on the Motion as to Thomas's Equal Protection failure to promote claim, Johnson's Equal Protection claim for failure to promote based on a 2008 reorganization request, and Ward's Equal Protection claim based on placement on the D Salary Schedule as

against Bradley Byrne individually.

    c.  The Plaintiffs have until **September 9, 2011** to file a Supplemental Brief which explains their theory of recovery as against Bradley Byrne individually for Thomas's Equal Protection failure to promote claim, Johnson's Equal Protection claim for failure to promote based on a 2008 reorganization request, and Ward's Equal Protection claim based on placement on the D Salary Schedule, and presents their position as to why Byrne is not entitled to qualified immunity on those claims, if they do so contend.

    d.  The Defendants have until **September 16, 2011** to file a Reply to the Supplemental Brief on Thomas's Equal Protection failure to promote claim, Johnson's Equal Protection claim for failure to promote based on a 2008 reorganization request, and Ward's Equal Protection claim based on placement on the D Salary Schedule against Byrne individually.

    6.  The court declines, pursuant to 28 U.S.C. § 1367 (c) (1) and (2), to exercise supplemental jurisdiction over the state law claims in Count XV of the Fourth Amended Complaint and the state law claims are hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

    7. The clerk is DIRECTED to take all steps necessary to effect this remand.

    8.  The aspects of the Motion for Summary Judgment (Doc. #134) which are directed as to the state law claims are carried with the state law claims and are left for disposition by the state court.

    Subject to the court's ruling on remaining qualified immunity issues as to Defendant Bradley Byrne, outlined above, the case will proceed to trial on Renoda Thomas's Title VII and Equal Protection failure to promote claims, Shemedrea Johnson's Title VII and Equal Protection

claims for failure to promote based on a 2008 reorganization request, and Tamara Ward's Title VII, Equal Protection, and Equal Pay Act claims based on placement on the D Salary Schedule.

Done this 26th day of August, 2011.

      /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE