IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHEMEDREA JOHNSON, RENODA THOMAS, and TAMARA WARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:09cv636-WHA (wo) |
| ALABAMA COMMUNITY COLLEGE SYSTEM; et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the aspect of the Defendants' Motion for Partial Summary Judgment (Doc. #134) as to which the court reserved ruling.

The court reserved ruling on the Motion for Partial Summary Judgment as to Renoda Thomas's Equal Protection failure to promote claim, Shemedrea Johnson's Equal Protection claim for failure to promote based on a 2008 reorganization request, and Tamara Ward's Equal Protection claim based on placement on the D Salary Schedule, as against Bradley Byrne individually. The court gave the Plaintiffs additional time in which to supplement their opposition to the Motion for Partial Summary Judgment, and gave the Defendants time in which to file an additional reply.

The Plaintiffs filed supplemental briefing on the claims of Shemedrea Johnson and Renoda Thomas, but not Tamara Ward. Therefore, it appearing that the Plaintiffs have conceded the motion as to Tamara Ward's claim, summary judgment is due to be GRANTED as to the claims of Tamara Ward against Bradley Byrne individually.

Qualified immunity is a protection designed to allow government officials to avoid the expense and disruption of trial. *Ansley v. Heinrich*, 925 F.2d 1339, 1345 (11th Cir.1991). As a preliminary matter, the court must determine whether the public official was acting within the scope of his discretionary authority at the time the allegedly wrongful acts occurred. *See Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). Once it is established that a defendant was acting within his discretionary authority, the court must determine whether "[t]aken in a light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[I]f a constitutional right would have been violated under the plaintiff's version of the facts," the court must then determine "whether the right was clearly established." *Wood v. Kesler* 323 F.3d 872, 878 (11th Cir. 2003).

Requiring that a constitutional right be clearly established means that liability only attaches if "[t]he contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *United States v. Lanier*, 520 U.S. 259, 270 (1997). In other words, a defendant is entitled to "fair warning" that his conduct deprived his victim of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

In this case, Bradley Byrne ("Byrne") has been named as a Defendant in his individual capacity for equal protection violations brought pursuant to § 1983. State officials cannot be held liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *See Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). A supervisor's liability, however, is not limited solely to those incidents in which he personally participates, *Busby v. City of Orlando*, 931 F.2d 764, 782 (11th Cir. 1991), and a supervisor can be held liable if a causal

2

connection is shown between his actions and the deprivation of the plaintiff's constitutional rights. *Id.* The Eleventh Circuit has outlined the following as a basis supervisory liability under § 1983:

> (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, No. 11-10104, 2011 WL 3585815, at 8 (11th Cir. Aug. 16, 2011) (citing *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor cannot be held liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp*, 891 F.2d 829, 836–37 (11th Cir. 1990).

In response to the Motion for Partial Summary Judgment on the grounds of qualified immunity, both Plaintiffs Johnson and Thomas rely on Byrne's knowledge of the request for reorganization by Johnson. The Plaintiffs argue that Byrne is liable for equal protection violations, and not entitled to qualified immunity, because of his direct participation in the denial of Johnson's reorganization request, and as a supervisor because he knowingly failed to prevent the unlawful actions.

With respect to direct participation in a violation of Plaintiff Johnson's equal protection rights, the Plaintiffs state that Byrne's explanation that he did not approve Johnson's request for reorganization because it was recommended by an interim president is pretext, because Byrne allowed the interim president to decide the budget, which included new positions and salaries.

The Defendants point out that the letter denying Munnerlyn's request for the reorganization of Johnson's position stated that the position was probably needed, but the

3

decision was more appropriately made by a permanent president.  *See* Doc. #127-2.  Byrne testified similarly in his deposition.  Doc. No. 127-3 at p. 179:17-21.   The Defendants state that even assuming that Byrne did allow Munnerlyn to make budget decisions when Munnerlyn was the interim president, the Plaintiffs are merely questioning the wisdom of Byrne's decision not to allow an interim president to request a reorganization, rather than demonstrating pretext.  The Defendants also point to Byrne's deposition testimony explanation that interim presidents have less authority so "even on things that were budgeted," they had to go through Byrne.  *Id.* at p. 49: 18-20.  The court agrees that the Plaintiffs have failed to create a question of fact sufficient to establish pretext as to Byrne's explanation as to his denial of Johnson's reorganization request, because that unrefuted reason is one which might motivate a reasonable employer.  *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997).

The Plaintiffs also argue that Byrne knowingly failed to prevent misconduct because he approved Munnerlyn's decision to hire William Merrill ("Merrill") and pay him $70,000, without making inquiry into the change in the budget which was necessitated by setting the salary at the rate of $70,000.  The Plaintiffs state that Byrne knew or should have known that some of the duties given to Merrill were duties taken from Johnson's reorganization request.

The Defendants respond that there is no evidence that Byrne was ever made aware of a new reorganization request by Johnson after he denied her initial request, and that Byrne was under no obligation to follow-up on the request he denied.   The Defendants also argue that there is no evidence to indicate that Byrne was aware that the appointment of Merrill was in any way tied to the prior reorganization request by Johnson.

The court agrees that the evidence pointed to by the Plaintiffs does not sufficiently

establish a causal connection as a basis for holding Byrne individually liable. The position filled by Merrill was a separate position from that held by Johnson, or from that requested by Johnson in her reorganization request. Furthermore, there is no evidence that Byrne was aware that Johnson had requested a reorganization again after having been denied her initial request, so there is no basis from which to conclude that Byrne should have known that Merrill's position included duties sought by Johnson in her second request. The Plaintiffs have failed to establish that Byrne was causally connected to a constitutional violation. Byrne is entitled to qualified immunity on Johnson's claims.

With respect to Plaintiff Thomas, the Defendants contend that, although the background information of the appointment of Merrill is relevant to both claims, much of the evidence regarding Johnson's claims pointed to by the Plaintiffs is not even relevant to Thomas's claims. The Defendants state that there is no evidence that Byrne played any role whatsoever in any employment decision regarding Thomas. The Defendants contend that there is no evidence that Byrne was aware of any of the representations made to Thomas about the position she says that she was discouraged from applying for, or that he was aware of any discriminatory comments by Munnerlyn. The court agrees, and concludes that there is no evidence of participation by Byrne in a denial of Thomas's equal protection rights, or evidence of facts supporting an inference that Byrne directed the unlawful action or knowingly failed to prevent it. Accordingly, Byrne is entitled to qualified immunity on Thomas's equal protection claim as well.

Accordingly, it is hereby ORDERED that the portion of the Motion for Partial Summary Judgment on Plaintiffs' Claims Against Individual Defendants (Doc. #134) as to which the court reserved ruling is GRANTED, and judgment is entered in favor of Bradley Byrne and against

Shemedrea Johnson, Renoda Thomas, and Tamara Ward on their claims against Bradley Byrne.

Bradley Byrne is DISMISSED as a party Defendant.

Done this 27th  day of September, 2011.

/s/ W. Harold Albritton                            
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE