IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMEDREA JOHNSON, RENODA THOMAS, and TAMARA WARD, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) CIVIL ACTION NO. 2:09cv636-WHA ) |
| ALABAMA COMMUNITY COLLEGE SYSTEM, INC., et al., | )        (wo) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on a Motion to Sever Claims of Plaintiff Tamara Ward and for Separate Trial (Doc. # 205), filed by the Defendants on September 20, 2011.

The court having ruled on all Motions for Summary Judgment, this case is proceeding to trial on Renoda Thomas's Title VII and Equal Protection failure to promote claims, Shemedrea Johnson's Title VII and Equal Protection claims for failure to promote based on a 2008 reorganization request, and Tamara Ward's Title VII, Equal Protection, and Equal Pay Act claims based on placement on the D Salary Schedule.

The Defendants have asked that Tamara Ward's claims be severed from the claims of Renoda Thomas and Shemedrea Johnson for purposes of trial.

Rule 42 of the Federal Rules of Civil Procedure provides that courts may order separate trials for convenience, to avoid prejudice, or to expedite and economize. Rule 42 requires district courts to examine the peculiar facts and circumstances of the case. *See Beckford v. Dep't of Corrections*, 605 F.3d. 951, 962 (11th Cir. 2010). In upholding a district court's exercise of discretion not to sever claims, the Eleventh Circuit has indicated that efficiency is not achieved

through severance if there is a substantial overlap of issues, facts, evidence, and witnesses. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001).

In this case, as presented in the context of Motions for Summary Judgment, the claims of Johnson and Thomas shared similarities of issues, facts, evidence, and witnesses, because the C salary schedule position sought by these plaintiffs was filled by the same comparator, Billy Merrill, and because Samuel Munnerlyn made a statement which a jury could find evidenced gender-based animus and which related to that specific position within the business office.

The claims of Tamara Ward, while also involving Munnerlyn, are otherwise dissimilar from the claims of Johnson and Thomas. Ward argues that comparator Michael Barrett was offered a D Salary Schedule position, and on the same day a new contract of employment was created for her setting her at a lower D Salary Schedule position. Furthermore, Ward and Barrett are instructors, and were not employed in the business office. In addition, only Ward is proceeding on an Equal Pay Act claim.

The court also notes that evidence relied upon by the Defendants in moving for summary judgment on Ward's claims consisted largely of an affidavit of Wilford Holt ("Holt"). Holt offered the opinion that Barrett's placement was consistent with the requirements of the D Salary Schedule, and indicated that although he did not remember his recommendation to Munnerlyn, he was sure he would have made a recommendation.

Based on the factual issues, witnesses, and evidence which are different in Ward's claims, including salary schedule placement, type of position, comparators, and Holt's role, among others, and because there are legal issues unique to Ward presented by her Equal Pay Act claim, the court concludes that there is not a substantial overlap of issues, facts, evidence, and

witnesses.  Based on the differences presented by Ward's claims, the court concludes that it will be more convenient, will avoid prejudice, and will expedite and economize to separately try Tamara Ward's claims.  Accordingly, it is hereby ORDERED as follows:

    1.  The Motion to Sever Claims of Plaintiff Tamara Ward and For Separate Trial (Doc. #205) is GRANTED, and Tamara Ward's claims are severed from those of Shemedrea Johnson and Renoda Thomas for purposes of trial.

    2.  Consistent with the Plaintiffs' request that the cases be kept on the same docket, Tamara Ward's claims will be tried during the same October 31, 2011 trial term during which Shemedrea Johnson and Renoda Thomas's claims will be tried.

    3.   Summary judgment motions having been disposed of, pursuant to the court's Order of April 12, 2011 (Doc #166), the deadlines in sections 9, 10, and 11 of the Scheduling Order (Doc. #32) are re-set to **October 5, 2011,** as to the claims of Shemedrea Johnson and Renoda Thomas and the claims of Tamara Ward

    4.  The Defendants and Plaintiff Tamara Ward are DIRECTED to submit a separate proposed pre-trial order from the proposed pre-trial order submitted by the Defendants and Shemedrea Johnson and Renoda Thomas.

Done this 29th day of September, 2011.

                                                      /s/ W. Harold Albritton  
                                                      W. HAROLD ALBRITTON  
                                                      SENIOR UNITED STATES DISTRICT JUDGE