**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| SHEMEDREA JOHNSON, RENODA THOMAS, and TAMARA WARD, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No.  2:09cv636-WHA (wo) |
| ALABAMA COMMUNITY COLLEGE SYSTEM; et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on the Defendants' Motion in Limine (Doc. #225).  The Defendants have moved in limine to exclude evidence of prior lawsuits and EEOC charges, evidence regarding previously dismissed claims, testimony identified as hearsay and opinion, and evidence of an alleged epithet.

The Defendants refer to ten lawsuits and two EEOC charges in their motion, and state that these matters were referred to in the Plaintiffs' summary judgment briefs, as well as pre-trial contentions, and are due to be excluded as improper Rule 404(b) evidence.  The Defendants contend that this evidence is offered for the purpose of showing propensity to act in accordance with that behavior and is not relevant for any other purpose.  The Defendants also contend that none of the lawsuits, settlements, or EEOC charges resulted in a finding or admission of gender discrimination.  The Defendants also point out that the facts involved in *Carolyn Millender v. H. Councill Trenholm State Technical College, et al*, 2:07cv145-MHT, occurred when a president other than Defendant President Munnerlyn was in office.

The Plaintiffs respond generally that the Defendants' Motion in Limine is too broad, and that there are matters within the broadly identified category of evidence which may be relevant and probative.  With respect to evidence of other lawsuits and EEOC charges generally, however, the Plaintiffs do not explain why that evidence would be relevant, other than to state that past practices of discrimination against female employees are at the heart of the case.

Evidence of other instances of discrimination, or "me too" evidence can be admissible, under Rule 404(b), to prove the intent if there is discrimination by the same supervisor. *Goldsmith v. Bagby Elevator Co., Inc*., 513 F.3d 1261, 1286 (11th Cir.2008).   In *Goldsmith* the Eleventh Circuit found that evidence showing plaintiff and certain of his co-workers were discriminated against by the same supervisors in the same manner was admissible under Fed. R. Evid. 404(b) to prove the defendant's intent to discriminate against the plaintiff. *Id.*

When the supervisors are not the same, the evidence is not per se irrelevant, but must be examined to determine whether it should be excluded under Rule 403, which is  "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."  *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008).

While the court is cognizant that "me to" evidence is not subject to a per se rule of exclusion based on relevance, the court finds the evidence of prior settled lawsuits, Consent Decrees, and EEOC charges to be minimally relevant.  If the Plaintiffs presented the facts of these cases, even if they only sought to admit that the cases were settled, the Defendants would be entitled to explain the factual circumstances.   Therefore, the danger of unfair prejudice and confusion of the issues substantially outweighs any probative value under Rule 403.

In addition to their general argument for admissibility, the Plaintiffs point to the

*Shuford/Kennedy/Johnson* Consent Decree specifically and state that it is admissible under Rule

408 to support subsidiary facts or inferences, citing cases such as *Johnson v. Hugo's Skateway*,

949 F.2d 1338, 1345 (4th Cir. 1991) and *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127 (2d Cir.

2008).  The Plaintiffs state that the *Shuford/Kennedy/Johnson* Consent Decree is being offered to

prove bias or prejudice of a witness and for negativizing the Defendants' contention on several

subsidiary or collateral facts.  The Plaintiffs argue that if the jury is not told about the

*Shuford/Kennedy/Johnson* Consent Decree, they will not have before it policies which the

Defendants have violated.   The Plaintiffs also state that the Consent Decree is admissible to

show notice.   Finally, the Plaintiffs state that the Consent Decree is admissible to establish that

Munnerlyn was acting under color of state law, and to prove the Equal Protection violations, and

that a Rule 403 objection can be handled with a limiting instruction.

The cases that the Plaintiffs cite are both not binding and distinguishable.  By the

Plaintiffs' own admission, Doc. # 316 at p. 10, the requirements of the Consent Decree, which

they say provided notice and are state law, have been incorporated into the Defendants' Uniform

Guidelines.  Therefore, while an alleged violation of the Defendants' policies may have some

relevance in the case, the source of that policy, the Consent Decree, does not, or if it has some

limited relevance, its probative value is substantially outweighed by the danger of unfair

prejudice and confusion of the issues.

The Defendants have also pointed to evidence which they contend is due to be excluded

because it was evidence offered in support of claims as to which the court granted summary

judgment.   Specifically, the Defendants refer to evidence regarding comparators Michael Evans,

Syed Raza, Larry Achord, Lewis Campbell, Dennis Monroe, Milton Perry, Gerald Horn, Quinton Ross, Charles Harris, Freddie Williams, Corey Massengale, Donald Holmes, Maurice Goode, and Arnold Stringer.  The Defendants contend that such evidence is not relevant to the claims which remain, and that the evidence if relevant would confuse and mislead the jury, and would unfairly prejudice the Defendants by leaving the impression that the Defendants are liable for acts as to which the court has already granted summary judgment.  Finally, the Defendants argue that this evidence is improper character evidence under Rule 404(b).

The Plaintiffs state that they do not intend to relitigate matters which were already litigated, but that they intend to present evidence of how some of the male comparators were treated with regard to their pay, such as being given higher steps on the salary schedules, to show discrimination and to support their equal protection claims.

There is a distinction to be drawn between so-called "me too" evidence, and this evidence, which is evidence of other comparators.  The evidence the Plaintiffs wish to present with regard to, for example, Syed Raza, is not that he is a person who also contends that he has been discriminated against, but is instead evidence which the Plaintiffs contend show that they themselves were discriminated against because these men are comparators who were more favorably treated.

On August 26, 2011, this court entered a 112 page Memorandum Opinion on the summary judgment motions which were filed in this case.  The motions were supported by voluminous briefing and hundreds of pages of documents.  The official job descriptions and other documentary and testimonial evidence was presented to, considered by, and discussed by the court, in evaluating whether proferred comparators were similarly-situated to the Plaintiffs.

The persons identified by the Defendants in their motion in limine are not considered

comparators of the Plaintiffs under Eleventh Circuit law.  Therefore, the evidence is not relevant.

Even if there is some relevance to be found, if that evidence were presented, the Defendants

would be entitled to present contrary evidence, again, as to why the jury should not consider that

evidence as evidence of any discrimination on the part of the Defendants.  Therefore, any

probative value of the relative pay and job duties of these persons would be substantially

outweighed under Rule 403 by the very real danger of unfair prejudice, confusion of the issues,

and considerations of undue delay and waste of time.  Evidence regarding proferred comparators

who were addressed in the court's Memorandum Opinion ruling on the Motions for Summary

Judgment is, therefore, due to be excluded.

Evidence identified by the Defendants as hearsay and opinion testimony due to be

excluded includes statements allegedly made by Debra Griggs, Dean of Finance for Trenholm, to

Plaintiff Johnson.  In her affidavit, Plaintiff Johnson identified six statements by Griggs as to

which the Defendants object:

1.     I will be glad when these lawsuits are over because its wasting

the school's money;

2.     Ms. [Catherine] Wright is not competent and lazy, that is why

she was moved to be the President's high class secretary;

3.     What comptroller do you know who can't do accounting?

She can write so that is what we will allow her to do things

which require letters or policies;

4.      I keep telling the President she should be fired and he should

send her ass home because she makes $100,000 to walk around

here sipping, coffee and polishing her nails;

5.     The President is planning to not be truthful about telling you

and Pam that he is moving you two to salary schedule C-2;

6.     I talked to Griggs about how it looked like men were going to

continue to get promoted. Griggs acknowledged men were being paid better than

women.

The Defendants state that the statements are hearsay because they are offered for the truth

of the matter.  They also object that some of the statements by Griggs are improper lay opinion

testimony.  *Cf. Carter v. City of Miami,* 870 F.2d 578, 585 (11th Cir. 1989) (stating "Carter's

subjective conclusion that Pedrosa harassed her and created any problems he had with her,

without supporting evidence, was insufficient to establish pretext.").

The Plaintiffs respond that Griggs is going to testify at trial, so that the statements will

not be hearsay because she will testify to the them directly.   The Plaintiffs also state that Griggs

was one of Johnson's supervisors and is a high ranking management employee for the

Defendants so that statements Griggs made to Johnson are not hearsay.

The Eleventh Circuit has cited the following analysis with approval: "Where a supervisor

is authorized to speak with subordinates about the employer's employment practices, a

subordinate's account of an explanation of the supervisor's understanding regarding the criteria

utilized by management in making decisions on hiring, firing, compensation, and the like is

admissible against the employer." *Zaben v. Air Products & Chemicals, Inc.*, 129 F.3d 1453,

1456 (11th Cir. 1997).

None of the statements identified fit the *Zaben* analysis because none of them appear to be statements which a supervisor would be authorized to make about employment practices, particularly those which are personal criticisms of another employee.  The statement, "The President is planning to not be truthful about telling you and Pam that he is moving you two to salary schedule C-2," is not admissible by Johnson, or if testified to by Griggs, because it is a statement of lay opinion.  *See Johnson v. Scotty's, Inc.,* 119 F. Supp. 2d 1276, 1283, 119 F. Supp. 2d 1276 (M.D. Fla. 2000) (granting motion to strike statement of a lay witness giving an opinion which she formed on the basis of comments about management's decision to terminate the plaintiff).

Even if Griggs were to testify directly, the Defendants argue that the statement by Griggs that men were being paid better than women is improper opinion.  The Plaintiffs respond that the court should not preclude this testimony without allowing the Plaintiffs an opportunity to establish a foundation that Griggs has personal knowledge, so that her testimony would not be opinion testimony.

A statement which includes an opinion, such as better pay, appears to the court to be improper opinion.  *See  Carter,* 870 F.2d at 585.  If, however, Griggs were to testify directly as to facts regarding pay disparities, then that testimony might be admissible.  Such admissibility, of course, would depend upon the factual basis of that opinion, and be subject to the court's rulings on the Defendants' Objections to the Plaintiffs' Exhibits, which will be entered in a separate Order.  At this point in the proceedings, the court will grant the Motion in Limine to the extent that the Plaintiffs are not to refer to any statements by Griggs about relative pay without taking them up outside of the presence of the jury.  Furthermore, Griggs may not testify as to

pay of other employees who have previously been determined by the court not to be

comparators; and may not testify in general terms that men are paid better than women, without

first taking the matter up outside the presence of the jury.  The Motion in Limine is due to be

GRANTED as to the other identified statements.

Finally, the Defendants seek to exclude a comment referred to in Rollins' affidavit of an

employee named Charles Harris.  Rollins states as follows:

> I am personally aware of President Munnerlyn allowing males to speak
> derogatorily to other females in his presence or within his knowledge.  For
> example, while he was President, there was a relatively heated argument going on
> between Charles Harris and Deborah Griggs.  I heard Harris use the "MF" word.
> . . . .  Harris was so loud, I personally left my office to get President Munnerlyn
> out of meeting so that he could put a stop to it.  Upon Munnerlyn's arrival, he put
> his ear to the door and chuckled and said, "let them fight it out" and proceeded
> back to his meeting.

 The Defendants contend that the comment was not heard by Munnerlyn and does not

establish any discriminatory intent by Munnerlyn.

The Plaintiffs argue that it is a disputed fact whether Munnerlyn was aware of the

statement.

The probative value of this testimony, to the extent that there is any, given that the

identified conduct is minimally gender-related, is substantially outweighed by the danger of

confusion of the issues and considerations of waste of time, and is, therefore, due to be excluded.

Accordingly, it is hereby ORDERED as follows:

1.  The Motion in Limine is GRANTED as to evidence of previous lawsuits and EEOC

charges identified in the motion, the *Shuford/Kennedy/Johnson* Consent decree, evidence

regarding male employees which the court has previously ruled as not being legal comparators of

the Plaintiffs, as to the statement by Charles Harris identified in the motion, and as to the

statements by Johnson about what Griggs said to her which are identified in the motion.

2.  The Motion in Limine is GRANTED to the extent that the Plaintiffs are not to refer to any statement made by Griggs directly about relative rates of pay without first taking up the admissibility of that evidence outside of the presence of the jury.

Done this 25th day of October, 2011.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE