IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMEDRA JOHNSON, RENODA THOMAS, and TAMARA WARD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:09cv636-WHA ) (wo) |
| ALABAMA COMMUNITY COLLEGE SYSTEM; et al., | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This cause is before the court on the Defendants' Second Motion in Limine (Doc. #258). The Defendants seek to exclude evidence of Munnerlyn's deposition statements as evidence of discriminatory intent in Ward's trial and the facts and circumstances of Joan Davis's leaving her employment as General Counsel and Vice Chancellor for Legal and Human Resources.

The court has previously concluded that the deposition statement pointed to by the Defendants is evidence of discriminatory animus on the part of Munnerlyn. That evidence relates to employment decisions within the business office, including decisions regarding Plaintiffs Shemdrea Johnson and Renoda Thomas. Plaintiff Ward, however, was not employed in the business office.

The Defendants have argued that admission of the evidence by Ward would be allowing inadmissible character evidence presented to convince the jury that Munnerlyn discriminates on the basis of gender. The court cannot agree with this relevance argument, as discriminatory intent is the other purpose for which the evidence would be offered under *Fed. R. Evid.* 404(b).

The Defendants further argue that even if the evidence is relevant, it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and potential to mislead the jury.

"Stray remarks by . . . decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision." *Ezold v. Wolf, Block, Schorr, and Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992).

As explained in the court's ruling on the Motion for Summary Judgment, Munnerlyn's statement regarding men in the business office is some evidence of gender-animus with respect to Johnson and Thomas' claims. It is not direct evidence, but it is related to decisions regarding Johnson and Thomas because their positions were in the business office. Plaintiff Ward's position is not. Munnerlyn's statement did not relate to any decision-making process regarding Ward, and was not made contemporaneously with any decision regarding Ward. Therefore, the probative value of that evidence is substantially diminished for purposes of Ward's claim. If the court were to allow Ward to present evidence of Munnerlyn's statement in her case, then the Defendants would be entitled to explain the context of that statement, which would mean trying the facts of the appointment of Billy Merrill, which is the basis of Thomas and Johnson's claims, in contravention of the court's severance order. Admitting the evidence would also pose a substantial risk of confusion of the issues. Therefore, any probative value is substantially outweighed by risk of unfair prejudice and confusion of the issues. The court concludes, therefore, that this evidence is due to be excluded under Rule 403 in Ward's case.

With respect to the evidence regarding the facts and circumstances of Joan Davis's leaving her employment as General Counsel and Vice Chancellor for Legal and Human Resources, the Plaintiffs state that the evidence may go to Davis' credibility as a witness. The

Plaintiffs state that the Defendants have failed to establish why Davis was terminated, whether she is subject to any non-disparaging agreement or confidentiality agreement in a severance package, or the reason she is no longer employed.

At this point, the court cannot properly evaluate the evidence subject to the Motion in Limine because the court does not know what that evidence is.  However, the Plaintiffs also have not demonstrated that any evidence regarding Joan Davis is admissible in their case-in-chief. Therefore, the court will grant the Motion in Limine to the extent that

It is hereby ORDERED that the Defendants' Second Motion in Limine (Doc. #258) is GRANTED as to Munnerlyn's statement regarding men in the business office in Ward's case, and is GRANTED to the extent that the Plaintiffs must take up outside of the presence of the jury any evidence regarding Joan Davis' leaving her employment.

Done this 25th day of October, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE