**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

SHEMEDREA JOHNSON, RENODA )
THOMAS, and TAMARA WARD, )
)
   Plaintiffs, )
)
v. )   Civil Action No. 2:09cv636-WHA
)      (wo)
ALABAMA COMMUNITY COLLEGE )
SYSTEM; et al., )
)
)
   Defendants. )

MEMORANDUM OPINION AND ORDER

  This cause is before the court on the Defendants' Objections to Trial Plaintiff Ward's

Witness List (Doc. #255) and the Defendants' Objections to Trial Plaintiff Ward's Exhibits (Doc.

#232).

**Exhibits**

  The Defendants have objected to many of the exhibits identified by Plaintiff Ward as

exhibits for trial.  The objections are as follows:

  Exhibit 5–The Defendants object on the basis of relevance to the 10/25/07 Board Briefs

of the Alabama State Board of Trustees for Community and Technical Colleges and Athens State

University.   Ward argues that this multi-page document is relevant and admissible pursuant to

Rule 404(b), because it contains a warning to Defendants that policies changes could effect

women and goes to show intent and notice.  The warning alluded to is by a person identified as

Mary Bruce Ogles of the Alabama Education Association.  The court cannot conclude that this

evidence is sufficiently probative of intent or notice, as it appears to be a legal opinion offered by

a lay person who is not involved in the decisions regarding Ward in this case.  The Objection is

due to be SUSTAINED.

Exhibit 7–The Defendants object to the relevance of the Alabama Board of Cosmetology

Exam, and Ward argues that the evidence is relevant because it establishes the qualifications of

Ward with her male comparators and is needed to rebut affirmative defenses.

The claims as to which summary judgment was denied for Ward in this case are based on

the following analysis:

> Given the Defendants' position in this case that Barrett and Ward were placed as
> they were on the salary schedule based solely on an application of the salary
> schedule, and the questions of fact raised as to that placement, as to this limited
> claim, the court finds that Ward has established a prima facie case, and also has
> created a question of fact as to the articulated reason for the discrepancy in
> placement, because there are questions of fact as to the reasons for Barrett's
> placement.   In other words, while the Defendants have stated that they do not
> have to give Ward credit for part-time teaching experience at any point based on a
> strict application of the D Salary Schedule, there is evidence that they did not
> strictly apply the same D Salary Schedule with respect to Barrett.  Based on the
> evidence currently before the court, therefore, the court concludes that summary
> judgment is due to be DENIED as to this disparate treatment in pay claim for the
> 2008-2009 year.

Doc. #198.  Evidence regarding the Alabama Cosmetology exam does not relate to Ward's not

being given credit for teaching experience, or constitute a consideration given to Barrett but not

Ward.  Therefore, the objection is due to be SUSTAINED.

Exhibit 8–the Defendants object to the relevance and as to hearsay regarding the

Trenholm Personnel Roster.  Ward responds that the document is relevant for background

information and provides evidence as to the number of employees in the College, but does not

respond as to the hearsay objection.  The relevance of the lengthy personnel roster not being

apparent to the court, and Ward not having demonstrated why the document is not hearsay, the Objection is due to be SUSTAINED.

Exhibit 14–The Defendants object to the relevance of evidence regarding the NOCTI exam.  Ward argues that it is relevant as to her placement on the salary schedule, but the limited claim, as set out above, relates to credit for past teaching experience.  The objection is due to be SUSTAINED.

Exhibit 15–The Defendants object to evidence of a salary adjustment of Syed Raza as being disposed of by summary judgment. Ward contends that the document is relevant to discriminatory intent.  Syed Raza was a comparator of Ward identified in the summary judgment briefing and is therefore governed by the court's ruling on the Motion in Limine.  Doc. #319. The objection is due to be SUSTAINED.

Exhibit 17–The Defendants object to the relevance of a letter regarding a step increase after Ward received her master's degree.  This evidence is not relevant to placement based on past teaching experience, and the objection is due to be SUSTAINED.

Exhibit 20–The Defendants also object to the relevance of a letter from Munnerlyn regarding certifying the NOCTI exam needed to advance.  This evidence is not relevant to placement based on past teaching experience, and the objection is due to be SUSTAINED.

Exhibit 21–According to the exhibit attached by the Defendants, Exhibit 21 is an affidavit by Wilford Holt regarding comparison of Barrett and Ward which the court considered in ruling on the Motion for Summary Judgment.  Ward states that it is relevant because it deals with the qualifications and salary schedule placement of the male comparator for Ward's claims in this case.  "Affidavits are ordinarily not admissible evidence at trial." *Int'l Telecom. Exchange Corp.*

*v. MCI Telecom. Corp.,* 892 F. Supp. 1520, 1544 (N.D. Ga. 1995) (citation omitted).  While the document itself is not admissible in the Plaintiff's case-in-chief, much of the substance of the affidavit may be inquired into in Ward's case-in-chief.  Therefore, the Objection is due to be SUSTAINED to the document itself.

Exhibit 22–The Defendants object to the relevance of emails regarding a SACS issue with an employee named Whittington because Whittington does not have a degree.  The Defendants have objected on the basis that the evidence is not related to Ward's pay claims and Whittington is not a valid comparator.

Ward has responded that the exhibit goes to show gender discrimination since the policy and custom was to give males higher steps on the salary schedules and prior credit and higher pay in violation of the written policies of the Defendants.

Whittington (or Whittingdon as he sometimes is referred to) is not a comparator subject to the court's ruling on the Motion in Limine in this case.  He is identified in Exhibit 22 as a person teaching Building Construction.  If he is on the same D-1 salary schedule with Ward, and there is a policy against hiring someone on that scale who does not have a degree, this evidence may be probative of intent within the rationale of the theory upon which Ward is proceeding in this case.  The court is unable to make that determination based on the content of Exhibit 22. Therefore, the court will reserve ruling on the objection until it is able to view the exhibit in light of the state of the evidence at trial, outside of the presence of the jury, and Ward is given an opportunity to lay a foundation for its admissibility.

Exhibit 25–The Defendants object to Ward's Right to Sue Notice issued by the Department of Justice.  While EEOC determinations can be probative, there may be

4

circumstances in which that probative value is outweighed by the danger of creating unfair prejudice in the minds of the jury. *See Barfield v. Orange County*, 911 F.2d 644 (11th Cir. 1990). The Notice of Right to Sue, however, has almost no probative value, and any probative value it has is substantially outweighed by the danger of creating unfair prejudice or confusion of the issues, pursuant to Rule 403. Therefore, the court will sustain the objection to the admissibility of this exhibit as evidence to be presented to the jury. If, however, the Defendants intend to assert a defense regarding administrative prerequisites as a matter of law, Ward will be free to present this document to the court to establish exhaustion of administrative remedies.

Exhibit 26–the Defendants object to the relevance of SACS compliance documents and object on hearsay grounds. Ward responds that the document contains information about her qualifications and credentials and will be used to show the Defendants' awareness of her credentials. Because Ward's remaining claim is based on a failure to adequately credit her for her teaching experience, and Exhibit 26 contains a report by the Defendants as to their understanding of her years of teaching experience, the document is relevant, and when offered for the limited purpose of showing that she was considered by Trenholm as having 16 years of teaching experience, is admissible over a hearsay objection. If it is being offered for some other purpose, the Objection may be due to be sustained. Therefore, the court will reserved ruling on the Objection and Ward will have to take up the admissibility of the exhibit outside of the presence of the jury.

Exhibit 27–Ward's letter to Munnerlyn regarding a scheduling issue is objected to on the grounds of relevance. The court agrees that this letter is not relevant to any claim to be asserted by Ward at trial, because summary judgment was granted as to Ward's retaliation claim based on

the scheduling issue, *see* Doc. #198 at p. 99, and this action has not been identified as being gender-discriminatory in her pleadings.  The objection is due to be SUSTAINED.

Exhibit 33–relevance of evidence regarding the NOCTI exam is objected to as being relevant to a claim disposed of by summary judgment.  The Objection is due to be SUSTAINED. *See* Doc. #198.

Exhibit 37–Upon review of the documents attached by the Defendants to their objections, the Defendants failed to attach this exhibit to their motion and Ward has not provided it, in reliance on the Defendants having purported to have attached all objected to exhibits.  However, a *Shuford* Report and litigation reports are governed by the court's ruling on the Motion in Limine, so the objection is due to be SUSTAINED.

Exhibit 38–the litigation report is also due to be excluded under the court's Motion in Limine, and the objection to that exhibit is due to be SUSTAINED.

Exhibit 41–The Defendants object to the relevance of the 2006-2007 Budget and also object on hearsay grounds.  Ward responds that the exhibit is a business record, not hearsay, and that it is relevant to show intent and animus.  While there may be relevant information on the document, such as Ward's own salary information, there is also information regarding persons who have been determined not to be proper comparators, and persons on other salary schedules. Information regarding these persons, even if not excluded by the court's order on the motion in limine, and if minimally relevant, would have only a slight probative value that is substantially outweighed by danger of confusion of the issues under Rule 403.  Therefore, the objection is due to be SUSTAINED as to Exhibit 41 in its current form.  A redacted version might be appropriate, but must be taken up outside of the presence of the jury.

Exhibit 42–the Defendants object to the relevance regarding a letter recommending advancement of Syed Raza.   Ward responds that the evidence is relevant because Raza was given a mid-year raise against the Defendants' pay policies and did not have to meet the requirements Ward had to meet to get a raise.  The court has already determined that Raza is not an appropriate comparator for Ward, and evidence regarding Raza is excluded by this court's Order on the Motion in Limine.  Doc. #198 at p. 71; Doc. #319.   The objection is due to be SUSTAINED.

Exhibit 59–the Defendants object to the relevance of college operating hours evidence because Ward's scheduling claim is no longer proceeding to trial.  Ward responds that this evidence is relevant because of treatment of Raza.  For reasons discussed in connection with Exhibit 42, the court agrees that the objection is due to be SUSTAINED.

Exhibit 63–the Defendants object to the relevance of the appointment letter of Aubry Carden, stating that Carden does not serve as a comparator for Ward's remaining claims.  The exhibit indicates that Carden is an instructor on the D-1 salary schedule.  Ward states, among other reasons, that the exhibit is relevant because the Defendants violated their written policies. Carden is not a person subject to this court's Order on the Motion in Limine.  Therefore, as with Exhibit 22, the court will reserve ruling on this objection until Ward has had an opportunity to lay the appropriate foundation for this exhibit by establishing that Carden is similarly-situated to Ward so as to be relevant to demonstrate discriminatory intent of the Defendants.

Exhibit 65–the court also reserves ruling on the employment application of Aubry Carden on the same basis.

Exhibit 66–this exhibit is a 2005-2006 professional growth plan by Ward to which the

Defendants object on the basis of relevance because it contains evidence regarding the NOCTI

exam and master's degree claims as to which summary judgment was granted.  Seeing no

relevance, the court concludes that the objection is due to be SUSTAINED.

Exhibit 67–the Defendants object to the relevance of evidence regarding NOCTI exam

and master's degree.  This objection is also due to be SUSTAINED on the same basis.

Exhibit 68–this exhibit is a newspaper article about the appointment and salary of

Quinton Ross, who is not a comparator of Ward, and is the subject of the court's Order on the

Motion in Limine.  Doc. #319.  The court agrees that even if some aspect of the article is not due

to be excluded as hearsay, and even if there is an admissible portion that is relevant, any

probative value is substantially outweighed by the danger of unfair prejudice and confusion of

the issues pursuant to Rule 403.   The objection is due to be SUSTAINED.

Exhibits 70-73–the Defendants object to the relevance of Raza's employment application.

The objections are due to be SUSTAINED for the reasons already discussed with respect to

Raza.

Exhibit 87–emails regarding Shemedrea Johnson.  The Defendants argue that the

evidence is irrelevant because Johnson's claims do not bear on Ward's claims, and have been

severed from Ward's claims for trial.   Ward responds that this exhibit is relevant because

Munnerlyn is warned by the Human Resources Director that his treatment of a female was

discriminatory and retaliatory.  The evidence itself, however, only refers to retaliation.  Summary

judgment was granted as to the retaliation claims in this case.  The evidence is not relevant, and

the objection is due to be SUSTAINED.

Exhibit 90–the Defendant objects to the relevance of the employment contract of Larry

8

Achord, stating that it is not relevant to Ward's pay claim.  The Plaintiffs respond that Achord's salary was increased to equalize his salary with a female employee.  This court expressly rejected that this was evidence of gender based animus in ruling on the Motions for Summary Judgment. *See* Doc. #198 at p. 53.

Even if this court had not previously concluded that this evidence is not evidence of gender-based animus, it would be due to be excluded.  Evidence of other instances of discrimination, or "me too" evidence can be admissible, under Rule 404(b), to prove intent. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir.2008).  Such evidence is, however, subject to a Rule 403 inquiry which is "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008).

If evidence surrounding Achord's hire and salary were admitted, the Defendants would be entitled to present evidence to explain the circumstances of those decisions.   Trying those issues would take a substantial amount of time and would present a real risk of confusing the jury as to the issues presented by Ward's theory of liability.  Therefore, any probative value of this evidence is substantially outweighed by the danger of confusion of the issues and waste of time. The Objection is due to be SUSTAINED.

Exhibit 91–the Defendants object to the relevance of employment contract of Michael Evans, stating that he is not a proper comparator of Ward.   Evidence regarding Michael Evans is subject to the court's ruling on the Motion in Limine.  Doc. #319.  Even if the evidence bears some relevance in terms of being offered as "me too" evidence of discrimination, under Rule 403 balancing, the slight probative value is substantially outweighed by the danger of unfair prejudice

and confusion of the issues.  The objection is due to be SUSTAINED.

Exhibit 92–the Defendants object to the relevance of an employment contract of Thomas Merrill who is not a comparator of Ward.  The Plaintiffs state that Munnerlyn has expressed gender bias in favor of Merrill.  This evidence is governed by the court's ruling on the Motion in Limine as to that subject, Doc. #321, and the objection is due to be SUSTAINED.

Exhibit 93–the Defendants object to evidence of an email from Griggs regarding a salary increase of Shemedrea Johnson and Pam Rollins.  The claims of Rollins were disposed of by summary judgment and Johnson's claims are being tried separately.  To the extent that this evidence has any probative value, it is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time.  The objection is due to be SUSTAINED.

Exhibit 95–This evidence is a letter from Shearese Gipson regarding the position of Administrative Assistant to the Dean of Finance.  Ward offers no specific basis for relevance of this exhibit.  The court agrees that this exhibit is not relevant to Ward's claims and that the objection is due to be SUSTAINED.

Exhibit 96–this evidence is of Trenholm's operating budget.  The Defendants object to relevance and on hearsay grounds.  The Plaintiffs show no basis for relevance and do not address the hearsay objection.  The objection is due to be SUSTAINED.

Exhibits 99-101, 103, 112, 113, 115–the Defendants objection to the exhibits which relate to Merrill because he is not a comparator of Ward.  Ward makes the same argument in response to all of the objections; namely,  that Merrill was paid more money than a woman was offered for the job, so that evidence is relevant in several ways.  The woman to whom the job was offered for less money is Plaintiff Thomas whose claims are being tried separately.  Furthermore, as "me

too" evidence, the probative value is substantially outweighed by confusion of the issues and

waste of time under Rule 403.  The objection is due to be SUSTAINED as to these exhibits.

Exhibits 120–123–the Defendants object to the relevance of evidence of Trenholm

budgets and spread sheets, and on hearsay grounds.  Ward responds that the documents are

business records, and are relevant because they have salary information regarding Ward,

comparators, and other relevant individuals at the college.  As with Exhibit 41, there may be

relevant information on the document, such as Ward's own information, but there is also

information regarding persons who have been to determined not to be proper comparators, and

persons on other salary schedules.  Therefore, the objection is due to be SUSTAINED as to these

exhibits in their current form.  A redacted version might be appropriate, but must be taken up

outside of the presence of the jury.

Exhibit 124–This evidence relates to a request to fill the position of an Operations

Accountant position and is argued by the Defendant to not be relevant to Ward's claim.  This

evidence may be relevant to the separately tried claims, but is not relevant to Ward's claim, or, if

relevant, is so minimally relevant so as to be substantially outweighed by the danger of confusion

of the issues.  The objection is due to be SUSTAINED.

Exhibit 125–the objection to the Operations Accountant salary information is due to be

SUSTAINED for the same reason.

Exhibit 162–the Defendants have objected to this exhibit as not having been provided

pursuant to Rule 26.   Ward has attached the exhibit and states that it is Exhibit 57 to Ward's

deposition and has been in the possession of the Defendants since Ward's deposition was taken

in August 2010.   The identifying information on the document appears to state that it was

provided during discovery, so it is not due to be excluded on that basis.  It is, however, evidence

which appears to be governed by this court's rulings on issues disposed of in summary judgment

regarding the requirement of an exam for advancement, so that the objection is due to be

SUSTAINED.

Exhibits 175-178 –the Defendants raise the same objection to these exhibits–irrelevant as

either being related to pay claims which have already been disposed of on summary judgment or

not relevant to Ward's claim.   Exhibit 175, however, is Ward's charge of discrimination.   As

with Exhibit 22, the Charge of Discrimination has almost no probative value, and any probative

value it has is substantially outweighed by the danger of creating unfair prejudice or confusion of

the issues, pursuant to Rule 403.  *See  Barfield v. Orange County*, 911 F.2d 644 (11th Cir. 1990).

Therefore, the court will sustain the objection to the admissibility of this exhibit as evidence to

be presented to the jury.  If, however, the Defendants intend to assert a defense regarding

administrative prerequisites as a matter of law, Ward will be free to present Doc. #175 to the

court to establish exhaustion of administrative remedies.

The court agrees that objections are due to be SUSTAINED as to performance evaluation,

letter regarding the master's degree, and email regarding rank review in Exhibits 176, 177, and

178, respectively.

Exhibits 189, 190, 193–the Defendants raise the same objection to these exhibits; namely,

that evidence of salary schedules other than the D-1 salary schedule is irrelevant.   The court

agrees that the objections are due to be SUSTAINED.

Exhibit 195–allocation of proration is objected to on the basis of hearsay and relevance.

Ward states that it is a business record, but provides no explanation of how the evidence is

relevant, other than to say that it is relevant to the Defendants' defenses.  The relevance not being apparent to the court, the objection is due to be SUSTAINED.

Exhibit 196–Professional Personnel Salary Schedule–the Defendants contend that this exhibit is not relevant to Ward's claims.  The court agrees, and the objection is due to be SUSTAINED.

Exhibit 198–the Defendants contend that the C salary schedule evidence is not relevant to Ward's claims.  Ward and employees similarly situated to her are paid on the D salary schedule, not the C.  The objection is due to be SUSTAINED.

Exhibit 199–the Defendants contend that this exhibit which consists of a letter by Shemedrea Johnson in which she voices a complaint about Dean Griggs is irrelevant to Ward's claims.  Ward responds that the exhibit may be used for impeachment of Griggs or Munnerlyn in the event that Johnson testifies, or Griggs or Munnerlyn testify negatively regarding Johnson, because the evidence will show bias for impeachment.

It is unclear to the court at this point in the proceedings why testimony from Johnson would be relevant in Ward's case, and why any witness would be testifying adversely about Johnson in Ward's case.  In the event that this exhibit does become relevant for impeachment, however, the admissibility is governed by Rule 608(b) of the Federal Rules of Evidence.   Rule 608(b) generally does not allow proof of specific instances of conduct by extrinsic evidence.  An exception to this rule has developed, however, where the extrinsic testimony proffered would tend to show that the witness is biased against the accused.  *United States v. Corbin*, 734 F.2d 643 (11th Cir. 1984).

There is a split of authority as to whether a foundation must be laid, and a witness given a

chance to comment on the potential bias-proving evidence, before extrinsic evidence of bias is introduced.  27 Charles Allen Wright & Victor James Gold, *Federal Practice and Procedure* § 6095 (1990).  Because confusion of the issues potentially may substantially outweigh the probative value of this evidence, should Ward seek to use Exhibit 199 to establish bias of a testifying witness, she must first inquire about the fact of Shemedrea Johnson's complaint, as provided in Rule 613.   Therefore, ruling is deferred as to its use within the circumstances outlined above.

Exhibit 200–this exhibit is a 2006 complaint by Johnson to then-President Molina about Dean Griggs.  Its admissibility will also be governed by Rule 608, although such evidence may also be due to be excluded under Rule 403 as needlessly cumulative.

Exhibits 201-202–the Defendants object to this evidence regarding the Comptroller as not relevant to Ward's claims. The court agrees that the evidence is not relevant, or is due to be excluded under Rule 403 balancing, *Sprint/United Management Co.,* 552 U.S. at 388, and the objection is due to be SUSTAINED.

Exhibit 203–Shemedrea Johnson's charge of discrimination is not relevant in this case, and, even if it is relevant, is otherwise due to be excluded under Rule 403.  *See  Barfield v. Orange County*, 911 F.2d 644 (11th Cir. 1990).

Exhibits 204-209–the Defendants argue that the vacancy of Trenholm's President is not relevant, so evidence regarding the announcement and applications for that position are also not relevant.  Ward responds that President Munnerlyn was selected for the position of President even though a woman candidate had higher academic degrees, so this evidence is evidence of gender discrimination.  As to some of the exhibits, Ward also contends that the evidence tends to

14

show that the Defendants do not believe higher degrees make one more qualified for a position.

While the circumstances of Munnerlyn's hire may have some minimal relevance, although that relevance is not readily apparent as it would be evidence of intent by a person other than Munnerlyn, if admitted, the Defendants would be entitled to present evidence to explain the reasons for Munnerlyn's hire, the relative qualifications of comparators, the job duties of the position, and the importance of degrees, all of which are completely separate issues from Ward's placement on the D-1 salary schedule.  Therefore, any probative value of the evidence of the circumstances of Munnerlyn's hire would be substantially outweighed by the danger of confusion of the issues, and the objections to the exhibits are due to be SUSTAINED.

Exhibits 210-211–the Defendants contend that the job description of Operations Accountant are not relevant to Ward's claims for placement on the D salary schedule as an instructor.    This evidence may be relevant to the severed claims, but not to Ward's claim.  Even if properly considered to have some relevance as "me too" evidence, *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008), the slight probative value would be substantially outweighed by the danger of confusion of the issues under Rule 403.

Exhibit 212–This letter from Munnerlyn contains a denial of Thomas' pay request. The Defendants state that it is not relevant to Ward's claims.  The Plaintiffs respond with general arguments regarding proof of discrimination, and also state that this evidence is relevant in some way based on Munnerlyn's selection as president.   The court finds no relevance of this evidence to Ward's claims, and if there is any relevance, that relevance is substantially outweighed by the danger of confusion of the issues, and the objection is due to be SUSTAINED.

Exhibit 234–This exhibit relates to Johnson's reorganization request and is not relevant to

Ward's claims.  Even assuming it has some relevance, it is due to be excluded because the danger of confusion of the issues would substantially outweigh any probative value.  *See Sprint/United Management Co.,* 552 U.S. at 388.  The objection is due to be SUSTAINED.

Exhibit 236–The Defendants object that C Salary schedule evidence is not relevant. Ward responds that the policies may be relevant in showing that males have been paid in violation of policies, such as Quinton Ross being paid on the C Salary Schedule for years of experience that he did not have.  Evidence regarding Quinton Ross is governed by the court's Order on the Motion in Limine.  *See* Doc. #319.  Furthermore, the circumstances of Ross's placement on the C Salary Schedule for a position completely different from that of Ward's, who was an instructor paid on the D Salary schedule, are not closely related to the plaintiff's circumstances and theory of the case.  The Defendants would be entitled to explain the circumstances of Ross's position and pay, and whatever probative value this evidence may have to Ward's case would be substantially outweighed by the danger of confusion of the issues under Rule 403.

Exhibit 237–the Defendants contend that Merrill's personnel file is not relevant to Ward's claims.   Under Rule 403 balancing, *Sprint/United Management Co.,* 552 U.S. at 388, the court agrees that the different circumstances of that position mean that any probative value is substantially outweighed by the danger of confusion of the issues.

Exhibits 253-260–The Defendants contend that Michael Evans' resume, application, and information related to position of the  Admissions/Retention Advisor is not related to Ward's claims.  For the reasons discussed regarding evidence relating to Evans in Exhibit 91, the objection is due to be SUSTAINED.

Exhibits 261-262--The Defendants contend that evidence regarding the Public Information Officer position is not related to Ward's claims.  Furthermore, if offered as "me too" evidence of discrimination, this evidence is due to be excluded under Rule 403.  *See Sprint/United Management Co.,* 552 U.S. at 388.  The objection is due to be SUSTAINED.

Exhibit 263–The Defendants contend that information from Quinton Ross's personnel file is not relevant to Ward's claims.   For reasons previously discussed relative to evidence regarding Quinton Ross, the Objection is due to be SUSTAINED.

Exhibits 264-272, 274-282–The Defendants contend that Charles Harris is not a valid comparator to Ward, so that the information regarding his job application and position is not relevant.   The Plaintiffs say that Harris was given credit for years of service he did not have, so the evidence is relevant to intent.

Harris is a Trenholm employee who was proferred as a comparator in the summary judgment motions.  He was not found to be a proper comparator in the case.  Therefore, it does not appear to the court that evidence regarding his position has any relevance, either in terms of bolstering Ward's own comparisons, or as "me too" evidence of discrimination alleged by another female employee at Trenholm.  Harris's position is so different from Ward's that admission of this evidence would require extensive evidence and explanation as to the circumstances of that position by both parties.  Therefore, to the extent that the evidence has any relevance, the slight probative value is outweighed by the danger of confusion of the issues, and the objection is due to be SUSTAINED.

Exhibit 273–This exhibit is a request from then-President Molina to Chancellor Johnson regarding a reorganization of unenumerated positions pursuant to *Shuford*.   The Plaintiffs

generally state that evidence is relevant to notice and intent, but the court finds no relevance in this exhibit, which does not on its face relate in any way to Ward or her position.  The objection is due to be SUSTAINED.

Exhibits 283-299-The Defendants state that evidence regarding Larry Achord is not relevant because he is not a comparator for Ward.  For the reasons discussed in connection with Exhibit 90, the objections are due to be SUSTAINED.

Exhibit 316–The Defendants argue that this document was not produced pursuant to Rule 26.   Ward responds that the document was Exhibit 10 to the Dupree deposition.  Ward states that the Defendants would have had a copy of this exhibit and would not be prejudiced by Ward's use of the document.   The exhibit is a letter from Bradley Byrne to Samuel Munnerlyn regarding the reorganization of Louis Campbell's position on the E Salary schedule.  Seeing no relevance to Ward's claims, the court concludes that the Objection is due to be SUSTAINED.

Exhibit 317–This evidence from Louis Campbell's personnel file is objected to on relevance grounds.  Ward states that Campbell was given a mid-year raise to assume additional duties when an employee left.  Ward states that this evidence is relevant to decisions made with respect to Johnson.  Evidence regarding Campbell is subject to the court's Order on the Motion in Limine.  See Doc. #319.  Even if the evidence is relevant to Johnson as Ward states, it is not relevant to decisions regarding Ward, or if it is relevant, evidence of Campbell's position on the E Salary schedule is so different from Ward's so as to pose a substantial risk of confusion of the issues which substantially outweighs its probative value.  The Objection is due to be SUSTAINED.

Exhibit 318–This exhibit consists of Renoda Thomas's personnel file.  The Defendants

argue that the evidence is not relevant because Thomas's case has been severed from this one, and that the evidence is due to be excluded under Rule 403 and 404(b).

The Plaintiffs respond that Thomas is an example of gender discrimination in the promotion of women, and that decisions regarding her are expressions of gender animus by Munnerlyn, the same decision maker for Ward.

The court agrees, of course, that trying Thomas's claims in the course of Ward's case would undermine the court's Order severing of the cases for trial. Also, conducting that trial within this trial would unduly delay and consume time and judicial resources, and pose a real risk of confusion of the issues, so that the probative value is substantially outweighed by those concerns under Rule 403 balancing.

Exhibit 319–the Defendants object to the portions of Ward's personnel file which are not relevant to her remaining claims. The Plaintiffs respond that Ward's personnel file is relevant, it is a business record, and it reflects her credentials, qualifications, and job history.

This exhibit is a voluminous exhibit consisting of more than one hundred pages. Some of the documents within the exhibit are clearly relevant, but the Defendants objection is to the parts of the file which are not relevant to the surviving pay claims, without identification of particular documents. Ward's reference to her "credentials and qualifications" may include evidence regarding her NOCTI exam claim and Master's Degree claim which were disposed of in the Motion for Summary Judgment, and the Objection is due to be SUSTAINED as to such evidence. The court will reserve ruling in other aspects, when specifically identified by Ward.

Exhibit 320–The Defendants argue that evidence from Shemedrea Johnson's personnel file is not relevant in this case. As with the claims brought by Thomas which have been severed

19

from Ward's claims for purposes of trial, trying Johnson's claims in the course of Ward's case would undermine the court's Order severing of the cases for trial.  Also, conducting that trial within this trial would unduly delay and consume time and judicial resources, and pose a real risk of confusion of the issues, so that the probative value is substantially outweighed by those concerns under Rule 403 balancing.  The Objection is due to be SUSTAINED.

Exhibits 321–326–The Defendants object to evidence relating to Pamalon Rollins's claims because those claims were all disposed of on summary judgment.  Ward contends that discrimination against Rollins is admissible to show discriminatory animus.  This court has already concluded, however, that Rollins did not create a question of fact sufficient to defeat the motion for summary judgment on her claims of gender discrimination.  Therefore, Rollins has no evidence probative of gender discrimination.  Furthermore, any slight probative value would be substantially outweighed by danger of unfair prejudice, confusion of the issues, and undue delay and waste of time under Rule 403.  The Objection is due to be SUSTAINED.

Exhibits 328–334–evidence of operating budges, salary contract spreadsheets, affidavits, and salary budgets are not relevant.   Ward responds that the exhibits contain salary information regarding Ward, male comparators, and other relevant information.

With respect to Exhibits 328, 329, 330, and 334 the court can find no relevance.  The information identified by Ward is not present on these documents, which are a 2004-2005 Proposed Budget Summary and accompanying documents, 2005-2006 Proposed Budget Summary and accompanying documents, Budget Amendment and Expenditures by Function of the College in 2006-2007, the 2009-2010 Operating Budget and accompanying documents.  The objections as to these are due to be SUSTAINED.

With respect to Exhibits 331, 332, and 333, as with Exhibits 41 and 121, and others, while there may be relevant information on the documents contained in the exhibits such as Ward's own information, there is also information regarding persons, which even if minimally relevant, would have a slight probative value that is substantially outweighed by danger of confusion of the issues under Rule 403.  Therefore, the objection is due to be SUSTAINED as to Exhibits 331-333 in their current form.  A redacted version might be appropriate, but must be taken up outside of the presence of the jury.

Exhibits 335-337–The Defendants contend that evidence regarding Johnson's employment contract is not relevant.   As explained earlier in reference to Exhibit 320,  trying Johnson's claims in the course of Ward's case would undermine the court's Order severing of the cases for trial.  Also, conducting that trial within a trial would unduly delay and consume time and judicial resources, and pose a real risk of confusion of the issues, so that the probative value is substantially outweighed by those concerns under Rule 403 balancing.  The Objections are due to be SUSTAINED.

Exhibit 340–The objection to Thomas's employment contract is due to be SUSTAINED for the reasons already discussed.

Exhibit 342–the Defendants argue that the evidence of the salary schedules other than D-1 are irrelevant, and that the handwritten notes on the schedules are inadmissible hearsay.   Ward does not respond to the hearsay objection.   While the D-1 salary schedule page of the exhibit is relevant, it is on the page which contains handwritten notations.  The Objection is, therefore, due to be SUSTAINED.

Exhibits 343-345A–the Defendants object to relevance of schedules other than D-1.

Ward contends that salary schedules other than D-1 are relevant and admissible to show how various policies and salary schedules are manipulated to benefit men and discrimination against women, and will be used to show that the Defendants pay men in violation of the schedules.

The theory articulated by Ward in response to the objections is not a claim upon which Ward is proceeding to trial. To the extent that she is offering the evidence of the salary schedules themselves as "me too" evidence of discrimination, the Defendants would be entitled to explain the basis for every salary schedule, and any decisions attendant thereto. This would not only be injecting new theories at this stage of the litigation, but would also consume a substantial amount of time at trial. Therefore, any probative value which might be presented by schedules other than D-1 is substantially outweighed by danger of unfair prejudice, confusion of the issues, and considerations of undue delay and waste of time under Rule 403. The Objections are due to be SUSTAINED as to documents within these exhibits which are of salary schedules other than D-1.

Exhibits 346-347–exhibits containing the *Shuford/Kennedy/Johnson* Partial Consent Decree are governed by this court's ruling on the Motion in Limine and the Objection is due to be SUSTAINED.

Exhibit 352–The Defendants object that the 2009 hiring procedures are irrelevant to Ward's 2008 pay claim. While Ward responds generally that the exhibit is relevant to intent, notice, and other general evidentiary issues, she does not explain the specific relevance of procedures from 2009. Therefore, seeing no relevance, the court finds the Objection is due to be SUSTAINED.

Exhibit 353–damage chart to the extent that revisions had not been previously disclosed

to the Defendants, and to the extent that it is based on contracts and calculations not provided to the Defendants.  Ward states that she does not intend to use any damage calculation that is not previously provided to Defendants, and the charts and exhibits would be used strictly for demonstrative purposes.  The court will reserve ruling on this objection.

### Witnesses

The Defendants have also objected to Plaintiffs Johnson and Thomas as witnesses in Ward's case, as well as Pamalon Rollins, Carolyn Millender, Michael Evans, William Merrill, Syed Raza, Brenda Buce, Larry Achord, Lewis Campbell, Catherine Wright, Debra Griggs, Sherese Gibson, Latonya Dupree, Quinton Ross, Charles Harris, and Daphne Matthews.

In response to the Defendants' Objections to the Plaintiffs' Witness lists, the Plaintiffs have stated that the Federal Rules of Civil Procedure and this court's Order do not call for a party to state objections to witnesses listed on the other party's witness list.   The Plaintiffs contend that the only avenues for addressing listed witnesses are through motions in limine or motions to strike.  The Revised Report of Parties' Planning Meeting (Doc. #30 ¶ 4 (9)), however, proposes a deadline for listing objections to witnesses under Rule 26(a)(3), and this was adopted and incorporated in the court's original Uniform Scheduling Order (Doc. #32).

To the extent that these witnesses are being offered to testify to information governed by this court's ruling on the Motion in Limine or the above Objections to exhibits, those rulings are controlling.  To the extent that the witnesses are being offered for some other purpose, the Defendants may object to that testimony at trial on an appropriate basis.   The court cautions Plaintiff Ward, however, that no witness should be offered in an attempt to relitigate issues decided in the context of the summary judgment motions, issues raised in cases resolved by

settlement, or in claims which have been severed from Ward's claims.

Accordingly, it is hereby ORDERED as follows:

1.  The Defendants' Objections are SUSTAINED as to Exhibits 5, 7, 8, 14, 15, 17, 20, 21, 27, 33, 37, 38, 41, 42, 59, 66, 67, 68, 70-73, 87, 90, 91, 92, 93, 95, 96, 99, 100, 101, 103, 112, 113, 115, 120, 121, 122, 123, 124, 125, 162, 176, 177, 178, 189, 190, 193, 195, 196, 198, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 234, 236, 237, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264-272, 273, 274-282, 283-299, 316, 317, 318, 320, 321-326, 328, 329, 330, 334, 335-337, 340, 342, 343-345A, 346-347, 352.

2.  The court reserves ruling on the Defendants' Objections to Exhibits 22, 25, 26, 41, 63, 65, 120-123, 175, 199, 200, 319, 331, 332, 333, 353, as outlined above.

3.  The Defendants' Objections to the Plaintiffs witnesses are OVERRULED, subject to further objection at trial.


Done this 26th day of October, 2011.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE